**In the Interest of K.J.M., a Minor Child.**

No. 14–03–00737–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 3, 2004.

Shawn Russel Casey, Houston, for appellant.

R. Dean Irwin, Houston, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

RICHARD H. EDELMAN, Justice.

In this suit affecting parent-child relationship, Tom McGowan appeals an order modifying the terms of his possession of the parties' child, K.J.M. (the "child"), on the ground that no evidence was provided of a material and substantial change in circumstances. We reverse and remand.

Pursuant to the McGowans' 1996 divorce, they were appointed joint managing conservators of their then three year old child. Their modified standard possession order (the "original order") provided that, when the child reached age five, Tom's periods of possession would be extended until 8:30 p.m. on weekdays and overnight on weekends.

In 2000, the child's mother, Eileen McGowan, filed a motion (the "motion") to modify the order. The trial court's 2003 order (the "modification order"), granting this motion, provides that: (1) Tom's periods of possession will be supervised and not continue past 8:30 p.m.; (2) Tom may not drive a motor vehicle while in possession of the child; (3) Tom must successfully complete an out-patient alcohol program; and (4) Tom will pay $11,219.78 in attorney's fees. In this appeal, Tom's issues principally challenge the legal sufficiency of the evidence[1] to show a change of circumstances warranting the modifica-

---

1. In conducting a legal sufficiency review, we view the evidence in a light that tends to support the disputed finding and disregard evidence and inferences to the contrary. *Wal–Mart Stores, Inc. v. Canchola,* 121 S.W.3d 735, 739 (Tex.2003). If more than a scintilla of evidence supports the challenged finding, the no-evidence challenge must fail. *Id.*

tion. *See* TEX. FAM.CODE ANN. § 156.101 (Vernon 2002) (requiring, for modification of a possession order, a material and substantial change in circumstances).

At the hearing on the motion, Eileen explained that: (1) the original possession order increased Tom's possession of the child when she reached age five in anticipation that his drinking problem would be improved by then; and (2) mainly, the drinking had not ceased, but, if anything, had "exacerbated." Thus, the thrust of Eileen's position is that:

> [I]t was believed that TOM would get help with his drinking after the divorce and before he was to start exercising overnight possession periods with [the child]. However, TOM did not stop drinking or get help. *This was the material and substantial change of circumstances.*

(emphasis added). Put another way, as Eileen argued at oral argument, *the change* (supporting the modification order) *was that there was no change.*

Neither Eileen's testimony nor any other evidence in the record provides an adequate evidentiary foundation to support a conclusion that Tom's drinking had materially diminished his ability to care for the child *since the time of the original order.* Moreover, to construe section 156.101, requiring a material and substantial change in circumstances, as being satisfied by *no* change in circumstances would render the statutory requirement meaningless and defeat the Legislature's intent in enacting it. Thus, finding no authority or rationale to support such an approach, we sustain Tom's challenge to the modification on this ground and need not address his other challenges to it.

Tom further contends that the trial court abused its discretion[2] in ordering him to pay attorney's fees because Eileen failed to meet her burden to secure a modification of the original order. However, because Tom has cited no authority providing that such attorney's fees may only be awarded to a prevailing party, his challenge to the award of attorney's fees affords no basis for relief and is overruled. Nevertheless, in light of our decision today regarding the modification, the trial court should have an opportunity to decide whether it wishes to leave its attorney's fee award intact.[3] Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court.

SEYMORE, J., concurring.

CHARLES W. SEYMORE, Justice, concurring.

I join the majority relative to disposition of issues one, two and three. However, I write separately to address issue four, attorney's fees. I would hold that the award of attorney's fees should be remanded for the trial court's disposition with due consideration for the fact that Tom is the prevailing party.

---

**2.** An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court. TEX. FAM.CODE ANN. § 106.002 (Vernon Supp.2004); *Lenz v. Lenz,* 79 S.W.3d 10, 21 (Tex.2002).

**3.** *See Lenz,* 79 S.W.3d at 21.