Evelyn V. Keyes, Justice
In this suit affecting a parent-child relationship, appellant, Robert L. Smith, proceeding pro se, challenges the trial court's order modifying the conservatorship terms of the parties' divorce decree to enable appellee, Grace Karanja, to travel abroad with the parties' child, L.S. Smith contends that the trial court abused its discretion by (1) determining that a material and substantial change had occurred since the date of the parties' divorce decree, (2) finding that the modification was in L.S.'s best interest, and (3) failing to impose appropriate international abduction prevention measures in permitting Karanja to travel with L.S. to Kenya.
Although we are constrained by Smith's decision to forgo providing the reporter's record on appeal, we conclude that the trial court abused its discretion because its factual findings supported neither the legal conclusion it drew nor the breadth of the relief it granted. See TEX. R. APP. P. 37.3(c).
We reverse and render judgment in favor of Smith.
Background
On July 5, 2016, Karanja filed a motion to modify the trial court's April 29, 2016 decree finalizing her divorce from Smith, appointing her and Smith joint managing conservators of L.S., and designating the parties' possession and support obligations for L.S. However, the decree did not address L.S.'s ability to travel abroad. Thus, Karanja contended that there had been a substantial change in circumstances, which she described as follows: "Movant believes it is in [L.S.]'s best interest that she is allowed to travel with [L.S.] to the country of [movant's] birth in Kenya Africa," because L.S.'s "grandfather recently died and [Karanja] and the children would like to visit Kenya and attend a memorial service planned for her father." She requested temporary orders, specifically that Smith "properly execute the written consent form to travel abroad and any other form required for the travel," as well as modification of the final decree "so that it will add an international travel provision for the parties to adhere to."[1]
Smith's response asked the trial court "to deny all international travel privileges until the child, [L.S.], is of the age of maturity and/or 16 years of age" pursuant *736 to Texas Family Code section 153.501, which provides that if credible evidence indicating a potential risk of international abduction of a child by a parent is presented, the court may take certain protective measures prescribed in section 153.503. See TEX. FAM. CODE ANN. §§ 153.501 -.503 (West 2014).[2]
Family Code section 153.503(4) empowers a trial court to deny a child the ability to travel abroad. See id. § 153.503(4) (permitting the trial court to order passport and travel controls "prohibit[ing] the parent ... from removing the child from this state or the United States," "requir[ing] the parent to surrender any passport issued in the child's name," and "prohibit[ing] the parent from applying on behalf of the child for a new or replacement passport or international travel visa"). Because Kenya is not a signatory to the Hague Convention on the Civil Aspects of International Child Abduction, Smith argued, such measures are necessary in this case, because permitting Karanja to "secure the passport and return to her country permanently," could cause him to "lose all contact with [L.S.]."
Smith asserted in his response that Karanja "remained in the US as an illegal resident for 7 years. And now, 16 years later, she is petitioning ... to secure [L.S.]'s passport with the intent to permanently resettle to her homeland." He also argued that
If [Karanja] is empowered with the passport, all subsequent decisions, agreements, and court orders will be ignored in [the] absence of a treaty agreement between nations. There are no consequences for her and no remedies for me. Neither parent should suffer the burden of complete separation and alienation from their children. And all children have rights to access both parents.
He concluded, "If the scales of justice are meant to right that which is wrong, then it is my prayer that a seemingly routine decision is given greater scrutiny."
At the close of the evidentiary hearing held on November 16, 2016, the trial court granted Karanja's motion to modify. Smith immediately filed a request for findings of fact and conclusions of law,[3] and Karanja filed proposed findings of fact and conclusions of law. The proposed findings of fact *737 and conclusions of law are unsigned, and the clerk's record does not include any separate findings of fact and conclusions of law entered by the trial court.[4]
On December 18, 2016, the trial court signed the Order Modifying the Divorce Decree which is the subject of this appeal. In it, the court found that "the material allegations in [Karanja]'s Motion to Modify are true and the modifications made by this order are in the best interest of [L.S.]," and ordered as follows: (1) either parent may apply for a passport for L.S., but must notify the other parent within five days; (2) Karanja has the right to maintain possession of the passport; (3) either parent must deliver the passport to the requesting parent within ten days of notice of intent to have L.S. travel abroad; (4) either parent must provide written notice to the other parent of plans to travel internationally within twenty-one days of the date of departure, and of certain information describing the travel (such as date, time, location, means of transportation) and (5) either parent must properly execute a written consent form to travel abroad and any other required form.
The trial court further found that "credible evidence has been presented to the court indicating a potential risk of the international abduction of a child by a parent of the child," and so ordered that Karanja take certain protective measures, including posting a $75,000 bond and following detailed procedures for notification to the U.S. Department of State's Office of Children's Issues and to the relevant foreign consulate or embassy, before traveling abroad with L.S. See TEX. FAM. CODE ANN. §§ 153.502 (West 2014) (abduction risk factors), 153.503 (abduction prevention measures).
Smith complains on appeal that the trial court abused its discretion in granting Karanja's requested modification without imposing adequate international abduction prevention measures. He did not provide a reporter's record on appeal.
Standard of Review
"A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child." TEX. FAM. CODE ANN. § 156.001 (West 2014). The court may modify such an order if doing so "would be in the best interest of the child" and upon a showing of a material and substantial change in circumstances. Id. § 156.101(a) (West 2014). Because the "trial court is given wide latitude in determining the best interests of a minor child," we review a modification order under an abuse of discretion standard. Gillespie v. Gillespie , 644 S.W.2d 449, 451 (Tex. 1982) ; see also King v. Lyons , 457 S.W.3d 122, 126 (Tex. App.-Houston [1st Dist.] 2014, no pet.).
The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. Worford v. Stamper , 801 S.W.2d 108, 109 (Tex. 1990) ; King , 457 S.W.3d at 126. Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds for asserting error but are relevant factors in assessing whether a trial court abused its discretion. In re J.J.G. , No. 01-16-00104-CV, 540 S.W.3d 44, 54-55, 2017 WL 3492308, at *8 (Tex. App.-Houston [1st Dist.] Aug. 15, 2017, no pet.) ;
*738 Stamper v. Knox , 254 S.W.3d 537, 542 (Tex. App.-Houston [1st Dist.] 2008, no pet.) ("In a sufficiency review, appellate courts apply a hybrid analysis because sufficiency-of-the-evidence and abuse-of-discretion standards of review often overlap in family law cases.").
Because it has no discretion when determining the applicable law, the trial court also abuses its discretion when it clearly fails to analyze and determine the law correctly or applies the law incorrectly to the facts. See Iliff v. Iliff , 339 S.W.3d 74, 78 (Tex. 2011) ; Chavez v. Chavez , 148 S.W.3d 449, 457 (Tex. App.-El Paso 2004, no pet.) ("[I]f ... the trial court drew an incorrect conclusion of law by misapplying the law to the facts and the controlling findings of fact do not support a correct legal theory sufficient to support the judgment, an abuse of discretion is shown."). We review the trial court's conclusions of law de novo. Sydow v. Sydow , No. 01-13-00511-CV, 2015 WL 1569950, at *3 (Tex. App.-Houston [1st Dist.] Apr. 7, 2015, no pet.) (mem. op.).
Furthermore, because Smith failed to file a reporter's record, we must presume that the evidence at the hearing supported the trial court's findings. See In re E.E. , No. 14-16-00685-CV, 2017 WL 4273194, at *2 (Tex. App.-Houston [14th Dist.] Sept. 26, 2017, no pet.) (mem. op.) ("Because the mother did not provide a reporter's record and did not follow the procedure for a partial-record appeal, we presume the evidence presented at trial supports the trial court's order.").
Analysis
In his first issue, Smith argues that the trial court abused its discretion in modifying conservatorship based on a material and substantial change in circumstances because "circumstances presented at trial did not substantially differ from the original decree of April 29, 2016 and thus would not warrant a modification."
A trial court may modify a conservatorship order if modification would be in the child's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the previous order. TEX. FAM. CODE ANN. § 156.101(a)(1) (West 2014). The change-in-circumstances requirement is a threshold issue for the trial court and is based on a policy of preventing constant re-litigation with respect to children. See In re A.L.E. , 279 S.W.3d 424, 428 (Tex. App.-Houston [14th Dist.] 2009, no pet.) ("As a threshold determination, then, the moving party must show a material and substantial change in circumstances; otherwise, the petition must be denied."); Zeifman v. Michels , 212 S.W.3d 582, 595 (Tex. App.-Austin 2006, pet. denied) ("The requirement of this showing 'serves a valid purpose of significantly limiting the trial judge's discretion and prevents the modification statute from being unconstitutionally broad.' ").
The trial court included findings in its order modifying the divorce decree, and these findings have probative value as valid findings.[5] See *739 In re C.C.G. , No. 14-15-00015-CV, 2016 WL 3157472, at *1 (Tex. App.-Houston [14th Dist.] May 17, 2016, no pet.) (mem. op.) (giving probative value to finding in final order that "material allegations in [movant's motion to modify] are true and that the [ ] orders are in the best interest of the child"); Baltzer v. Medina , 240 S.W.3d 469, 474 (Tex. App.-Houston [14th Dist.] 2007, no pet.) (giving probative value to finding in final order that "material allegations in the petition to modify are true and a material and substantial change has occurred since the last order and the requested modification is in the best interest of the child").
Accordingly, we consider the following allegations in Karanja's motion to modify, taken as true, to be the trial court's findings in this case:
8. Modification of International Travel
a. Since entry of the Final Orders, there is a substantial change of circumstance that requires a modification of International Travel. Movant believes it is in [L.S.]'s best interest that she is allowed to travel with the child to the country of her birth in Kenya Africa.
b. [L.S.]'s grandfather recently died and [Karanja] and the children would like to visit Kenya and attend a memorial service planned for her father.
c. [L.S.] has traveled to Kenya on several occasions before with no issues.
d. [L.S.] cannot remain in the United State[s] with [Smith] because [ ] he does not have an appropriate residence for [L.S.] to stay.
e. The Modification is in the best interest of [L.S.].
According to these allegations in Karanja's petition, which the trial court found to be true in the modification order, L.S.'s need to renew her passport in order to visit Kenya and to attend her grandfather's memorial service constituted a material and substantial change. In his brief, Smith appears to challenge both the sufficiency of the evidence supporting this fact found by the trial court, and the correctness of the court's conclusion that it constitutes a material and substantial change in circumstances.
Factual Sufficiency
Smith makes numerous arguments challenging the sufficiency of the evidence to support the facts found by the trial court. However, we are constrained by the lack of a record on appeal. As noted above, our record consists of the clerk's record only. Without a reporter's record, it is impossible for Smith to prevail on his sufficiency challenges because we must presume the evidence supports the trial court's judgment. See In re E.E. , 2017 WL 4273194, at *2 ("Because the mother did not provide a reporter's record and did not follow the procedure for a partial-record appeal, we presume the evidence presented at trial supports the trial court's order."). Thus Smith's evidentiary complaints without a reporter's record present nothing for our review.
Correctness of Legal Conclusions
We may, however, address Smith's issues of law that do not require a review of the evidence. See TEX. R. APP. P. 37.3(c) ; In re E.E. , 2017 WL 4273194, at *2 ("If no reporter's record is filed due to appellant's fault, we still may consider and decide issues that do not require the reporter's record.... [W]e address the mother's issues of law that do not require a review of the evidence....");
*740 Wiese v. AlBakry , No. 03-14-00799-CV, 2016 WL 3136874, at *3 (Tex. App.-Austin June 1, 2016, no pet.) (mem. op.) (without reporter's record "appellant may not challenge a trial court's conclusions of law for factual sufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness"); In re C.R.G. , No. 05-10-01472-CV, 2012 WL 3133785, at *3 (Tex. App.-Dallas Aug. 2, 2012, no pet.) (mem. op.) ("Even without a reporter's record, however, we must review the correctness of the legal conclusions drawn from the facts actually found by the trial judge."). Here, the relevant inquiry is whether the trial court acted without reference to any guiding rules or principles. See Worford , 801 S.W.2d at 109. The trial court has no discretion to analyze and determine the law incorrectly. See Iliff , 339 S.W.3d at 78 ; Chavez , 148 S.W.3d at 457.
In his brief, Smith asks, "Did the trial court err in concluding that material and substantial changes relating to the international-travel restriction have occurred since the parties' original divorce decree?" He also states that "the evidence is legally insufficient to support the trial court's conclusion that there was a material and substantial change of circumstances relevant to the issuance of [L.S.]'s passport." We construe these statements as challenges to a legal conclusion drawn by the trial court, and as such, we address them without a review of the evidence. See TEX. R. APP. P. 37.3(c) ; In re E.E. , 2017 WL 4273194, at *2 ; Wiese , 2016 WL 3136874, at *3 ; In re C.R.G. , 2012 WL 3133785, at *3.
Smith asserts that "the circumstances presented at trial do not substantially differ from the circumstances at the commencement of the divorce proceedings," and that there is "no doubt that at the time of commencement of the divorce proceedings [Karanja] was fully aware that international travel was a requirement to meet family in Kenya and that a renewal of [L.S.]'s passport was just a matter of time."
If a circumstance was sufficiently contemplated at the time of an original agreement, its eventuality is not a changed circumstance, but instead an anticipated circumstance that cannot be evidence of a material or substantial change of circumstances. See Wiese , 2016 WL 3136874, at *4 ("[A] change in circumstance may be so anticipated and factored into the original decree that the eventuality of the change does not constitute a material or substantial change of circumstances"); see also, e.g. , Warren v. Ulatoski , No. 03-15-00380-CV, 2016 WL 4269999, at *5 (Tex. App.-Austin Aug. 11, 2016, pet. denied) (mem. op.) ("Since [mother's] husband was active-duty military and thus subject to relocation, her move from California was contemplated by the parties at the time of the 2011 order."); In re M.A.F. , No. 12-08-00231-CV, 2010 WL 2178541, at *5 (Tex. App.-Tyler May 28, 2010, no pet.) (mem. op.) ("Because the travel issue existed at the time of the 2004 order and [mother] anticipated that [child] would get older and be in school, the travel schedule is not a changed circumstance. Instead, it is an anticipated circumstance that cannot be evidence of a material and substantial change of circumstances.").
Here, Karanja's desire for L.S. to be able to visit family abroad as she had done in the past cannot be considered a change from the state of affairs three months earlier when the parties' divorce decree was entered. As Karanja stated in her petition, L.S. "has traveled to Kenya on several occasions before with no issues"; thus, travel to visit family in Kenya was an eventuality which was anticipated before the parties' divorce. Critically, while the divorce was pending-and a year before Karanja filed her motion to modify-Smith *741 filed a motion addressing the need to determine whether Karanja should be permitted to travel abroad with L.S. and requesting that L.S.'s passport "be placed in [t]rust with the Court pending the outcome of the divorce proceedings." These record facts show that L.S.'s international travel issue was not a changed circumstance, but rather an issue of some contention between the parties which they neglected to address in their divorce decree. This paired with the trial court's express finding in the modification order that Karanja is a flight risk renders the trial court's modification order arbitrary and capricious and an abuse of discretion.
Given these facts, it simply is not rational to conclude that Karanja's desire to renew L.S.'s passport to permit her to travel to Kenya to visit family constituted a change to circumstances as they existed at the time the parties' divorce decree was entered only three months earlier that would justify the trial court's modification order. "[T]o construe section 156.101, requiring a material and substantial change in circumstances, as being satisfied by no change in circumstances would render the statutory requirement meaningless and defeat the Legislature's intent in enacting it." In re K.J.M. , 138 S.W.3d 536, 538 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (emphasis in original).
Karanja's desire to travel with L.S. to visit family abroad would not rise to the level of substantial and material. Some examples of substantial and material changes include (1) remarriage by a party, (2) poisoning of the child's mind by a party, (3) change in the home surroundings, (4) mistreatment of the child by a parent or step-parent, and (5) a parent's becoming an improper person to exercise custody. In re S.N.Z. , 421 S.W.3d 899, 909 (Tex. App.-Dallas 2014, pet. denied) ; In re A.L.E. , 279 S.W.3d at 428-29.
On the other hand, we cannot say, in the absence of a record, that the death of Karanja's father and L.S.'s grandfather and the planned memorial service was not a substantial and material change in circumstances. Without the benefit of a record, we do not know the circumstances of his death or his health at the time of the divorce.
However, the trial court's modification order did not limit Karanja's use of L.S.'s passport to allow travel to attend the memorial service; it granted Karanja possession of L.S.'s passport and the unrestricted ability to travel internationally with L.S., assuming compliance with the protective measures outlined in the order. On the record before us, such carte blanche permission to Karanja to control L.S.'s international travel is contrary to the statutory requirement that a modification order be based upon a material and substantial change in circumstances. The changed circumstances here were the death of L.S.'s grandfather; that change does not open the door to other international travel that could have been anticipated at the time of the divorce. See Wiese , 2016 WL 3136874, at *5 (holding that trial court abused its discretion in concluding that a material and substantial change of circumstances had occurred in part because the parties' children would "benefit from international travel" now that they were ten years older because it is insufficient to show that children would benefit from such travel); see also In re K.J.M. , 138 S.W.3d at 538 (holding that ignoring requirement of material and substantial change "would render the statutory requirement meaningless and defeat the Legislature's intent in enacting it"). In other words, the relief the trial court may grant must be somehow connected to the changed circumstance. For example, a remarriage may require some changes but does not mean that the trial court may now modify other provisions in *742 the original divorce decree unrelated to the remarriage.
We hold that the trial court abused its discretion by granting the international travel modification, because its legal conclusion that Karanja's desire for L.S. to travel internationally amounts to a material and substantial change in circumstances was incorrect, and, to the extent it was based on the need to attend the memorial service, the order broadly authorizing issuance, possession, and unrestricted use of L.S.'s passport was unwarranted. See Wiese , 2016 WL 3136874, at *6 (trial court abused its discretion in concluding that material and substantial changes related to international travel restriction occurred since divorce decree); In re C.R.G. , 2012 WL 3133785, at *4 (trial court abused its discretion by modifying child-custody order because findings did not establish material and substantial change in circumstances); In re M.A.F. , 2010 WL 2178541, at *7 (trial court abused its discretion in finding true allegations in mother's petition to modify that material and substantial change in circumstances had occurred).
Accordingly, we sustain Smith's first issue, and having done so, we do not reach his second or third issues. See TEX. R. APP. P. 47.1.
Conclusion
We hold that the trial court abused its discretion in ordering modification, and we reverse the trial court's modification order and render judgment in favor of Smith, vacating the modification order.

Essentially, Karanja sought to circumvent the requirement that Smith consent to issuance of a passport for L.S. See Minors, 22 C.F.R. § 51.28(a)(3)(i) (2017) (requiring "[a] notarized written statement or affidavit from the non-applying parent ... consenting to the issuance of the passport").

Under Family Code section 153.501, if credible evidence indicates a potential risk of international abduction of a child by a parent, the court must determine whether to take measures prescribed in section 153.503. Tex. Fam. Code Ann. §§ 153.501(a), 153.503 (West 2014). Among the factors the court must consider are the best interests of the child, the risk of abduction based on risk factors described by section 153.502, and any obstacles to recovering the child if abducted to a foreign country. See id. §§ 153.501(b), 153.502. In determining whether such a risk exists, the court must consider evidence of, among other things, the parent's lack of "financial reason to stay in the United States, including evidence that the parent is financially independent, is able to work outside of the United States, or is unemployed," and a parent's history of violating court orders. See id. §§ 153.502(a)(3), (a)(6). If the court is presented with this evidence, it must also consider whether the parent has strong ties to a country that is not a signatory to the Hague Convention on the Civil Aspects of International Child Abduction and whether the parent lacks strong ties to the United States. Id. § 153.502(b). If the court finds it necessary under section 153.501 to protect a child from international abduction by the parent, it may prohibit the parent from removing the child from the United States. Id. § 153.503(4)(A).

At the same time, Smith filed a motion to stay enforcement of the final judgment pending appeal, restating his contention that "the trial court's judgment would expose [L.S.] to grave risks of International Child Abduction by [Karanja]." The clerk's record on appeal includes neither Karanja's response, if any, nor a ruling.

Smith also filed an "Amended Petitioner's Request for Findings of Fact and Conclusions of Law" on January 7, 2017, as well as a "Request for Amendment to Findings of Facts and Conclusions of Law" on February 6, 2017, but the clerk's record does not indicate that the trial court ever responded to these requests.

Smith's arguments on appeal incorrectly assume that Karanja's proposed findings of fact and conclusions of law were signed by the trial court. Although Karanja does not point out or object to this mischaracterization, we cannot consider unsigned findings of fact and conclusions of law to be valid findings. See In re D.S.B. , No. 05-14-00950-CV, 2016 WL 4436377, at *3 n.5 (Tex. App.-Dallas Aug. 22, 2016, no pet.) (mem. op.) ("We do not rely on the unsigned findings" on which Father relied on appeal); Norcross v. Andrade , No. 05-08-01321-CV, 2010 WL 572154, at *1 (Tex. App.-Dallas Feb. 19, 2010, no pet.) (mem. op.) ("[B]ecause the findings are not signed by the trial court, they are not the trial court's findings, and we will not treat them as such."); In re G.S.G. , No. 04-95-00491-CV, 1996 WL 482952, at *1 n.1 (Tex. App.-San Antonio Aug. 28, 1996, writ denied) (not designated for publication) ("We do not consider the findings of fact and conclusions of law that appear in the transcript because they were not signed by the trial court.").