

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING AND DISSENTING OPINION

No. 04-17-00220-CV

**IN THE INTEREST OF A.B.R.**, W.C.R., and K.R.R, Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-19862
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice
Concurring and Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  August 22, 2018

I concur in the majority's reversal of the portion of the trial court's order requiring Carlos to post a bond.  However, I believe the record contains some evidence of a substantive and probative character to support the trial court's finding of a material and substantial change in circumstances since the date of the signing of the mediated settlement agreement.  Because the majority holds to the contrary, I respectfully dissent.

As the majority notes, a trial court has the discretion to modify a final order regarding conservatorship and possession of a child if the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of: (1) the date of the rendition of the order; or (2) the date of the signing of the mediated settlement agreement on which the final order is based.  TEX. FAM. CODE ANN. § 156.101(a) (West 2014).  In this case, the mediated settlement agreement was signed on March 4, 2015.  Since that date is

earlier than the date of the final order, we consider evidence of changes between the circumstances that existed on March 4, 2015 and the circumstances at the time the modification was filed in August of 2016. *See Zeifman v. Michels*, 212 S.W.3d 582, 594 n.1 (Tex. App.—Austin 2006, pet. denied); *Gibbs v. Greenwood*, 651 S.W.2d 377, 379 (Tex. App.—Austin 1983, no writ).

As the majority also notes, we review a modification order under an abuse of discretion standard. *Smith v. Karanja*, 546 S.W.3d 734, 737 (Tex. App.—Houston [1st Dist.] 2018, no pet.). And under an abuse of discretion standard, we may not interfere with the trial court's decision "so long as some evidence of a substantive and probative character supports it and the ruling comports with the law." *In re C.M.G.*, 339 S.W.3d 317, 319 (Tex. App.—Amarillo 2011, no pet.).

A material and substantial change in circumstances may include a change in the home surroundings. *See Karanja*, 546 S.W.3d at 741; *In re T.M.P.*, 417 S.W.3d 557, 564 (Tex. App.—El Paso 2013, no pet.); *In re A.L.E.*, 279 S.W.3d 424, 428-29 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In this case, the evidence established that on the date the mediated settlement agreement was signed, Carlos and Victoria agreed to enter an order regarding the conservatorship, possession and access, and support of the children but to nonsuit their divorce. It is undisputed that after the mediated settlement agreement was signed, the divorce proceeding was dismissed. The children's therapist's notes, which were introduced into evidence, contain an entry dated March 19, 2015, documenting a phone call from Victoria to the therapist in which Victoria told the therapist she and Carlos "will stay married and living together for time being — dad to go to Puerto [R]ico but back on weekends." The evidence also established that Carlos continued to live in the home with Victoria and the children for a short period of time after the mediated settlement agreement was signed; however, Carlos last resided in the home with Victoria and the children at the end of May 2015, and Carlos filed a second divorce petition in the fall of 2015. Therefore,

rather than sharing a home with the children at least on the weekends, Carlos and Victoria were no longer sharing a home at the time the modification was sought.

In addition, determining whether changed circumstances are material and substantial is not guided by rigid rules. *Zeifman*, 212 S.W.3d at 593. Instead, the determination is fact specific; therefore, the determination depends on the facts in each case and must be made according to the circumstances as they arise. *In re S.N.Z.*, 421 S.W.3d 899, 910 (Tex. App.—Dallas 2014, pet. denied); *Zeifman*, 212 S.W.3d at 593. On the date the mediated settlement agreement was signed, the children had been and continued to be engaged in therapy. The children's therapist testified that historically her relationship with the children was effective; however, she further testified, "I think that is changing because the children are concerned about what I'm going to tell parents about what they say. And I think they're getting closed down and mistrusting." The therapist also testified that she could return to providing effective therapy if she could tell the children "nothing goes beyond me." Therefore, the evidence shows the children's therapy was effective at the time the mediated settlement agreement was signed; however, the children had become closed down and mistrusting.

Having reviewed the record, I believe the evidence that Carlos no longer shared a home with Victoria and the children along with the therapist's testimony regarding the children's changed behavior supports the trial court's finding of a material and substantial change in circumstances. Therefore, because there is "some evidence of a substantive and probative character" to support the trial court's finding of a material and substantial change in circumstances, I respectfully dissent to the majority's conclusion that the trial court abused its discretion in making that finding.

Sandee Bryan Marion, Chief Justice