In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00068-CV

_____

IN THE INTEREST OF J.J., J.J., AND E.J.

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-195,104-B

MEMORANDUM OPINION

In eight issues, *pro se* appellant J.J.,[1] the father of the minor children J.J., J.J., and E.J., challenges the trial court's order modifying visitation and setting withholding for child support. Specifically, appellant asserts that (1) the parties had signed a binding and irrevocable mediated settlement agreement, which the trial court lacked the authority to modify, (2) the trial court's order violates his Fourteenth

---

[1]For clarity, we will refer to J.J. as "appellant" because he has the same initials as two of the children.

1

Amendment rights; and (3) he was not given proper service or notice. We affirm the trial court's order.

BACKGROUND

Appellant and appellee, T.B., were divorced on May 27, 2009. In the divorce decree, the trial judge found that the parties had reached an agreement regarding division of property; conservatorship, access, and support regarding the children; and all others matters regarding the dissolution of the marriage. The trial court appointed appellant and T.B. joint managing conservators of the children. The trial court's decree incorporated a standard possession order, but also stated that the parties would continue their agreed-upon terms of possession, pursuant to which the children alternated seven consecutive days with each parent from Sunday at 6:00 p.m. to Sunday at 6:00 p.m. The trial court ordered that holiday visitation would be in accordance with the standard possession order. Also incorporated into the decree was the parties' agreement that appellant would be responsible for paying the children's daycare expenses in lieu of child support. In addition, the decree stated that, by signing the final decree, the parties acknowledge that they "fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case."

T.B. filed a petition to modify the parent-child relationship, in which she sought appointment as the person with the right to designate the children's primary residence, as well as possession and access to the children either every other weekend or the first, third, and fifth weekends and an increase in the amount of child support. T.B.'s motion to modify stated, "The order to be modified is not based on a mediated or collaborative law settlement agreement. The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified."

Appellant, who was represented by counsel at the time, filed a response to the petition to modify, in which he asserted a general denial. Appellant's counsel subsequently filed a motion to withdraw, which the trial court granted. After appellant's counsel withdrew, appellant filed a *pro se* motion to enter judgment on the mediated settlement agreement, which included a supporting memorandum and exhibits, including appellant's affidavit.

In the supporting memorandum, appellant asserted that he and T.B. "entered into a binding contract through a mediated settlement agreement (MSA), on the 2nd of December, 2008." According to appellant, the mediated settlement agreement provided that he and T.B. would alternate weeks of having the children for seven

3

consecutive days, would agree to holiday visitation, and appellant "would be responsible for paying daycare costs for the children instead of paying child support." In addition, appellant stated in the memorandum that the parties would agree to entry of a final order at the end of a sixty-day period, and approximately one hundred seventy-one days passed without either party contesting it, and the mediated settlement agreement "became binding and irrevocable on the parties by a final divorce decree, rendered on the 27th of May, 2009." According to appellant, the agreement also required the parties to attempt in good faith to resolve any issues "involving the children, custody, or holiday visitation." Appellant attached as an exhibit a memorandum of agreement from a mediation conducted on December 12, 2008, which addressed issues involving possession of the children and financial support, among other things. T.B. filed a motion to dismiss appellant's motion as frivolous and contrary to Texas law and sought to recover attorney's fees.

The trial court conducted a hearing, during which appellant and T.B. testified and letters authored by the children were admitted into evidence. T.B. testified that two of the children are now fifteen years old, and the third child is thirteen years old. T.B. agreed that the children still want to see appellant, but they want their visitation terms changed. T.B explained that since the trial court entered temporary orders on May 3, 2017, things have been "more smooth[]" for the children because the children

4

did not have to move items back and forth every day, and the children had more privacy and space at her home. T.B. testified that the children felt that things were unfair at appellant's home, the children do not "have the best relationship" with appellant and do not feel that they can talk with him, and there are issues between the children and their stepmother. When cross-examined by appellant, T.B. explained, "The substantial change is just it's what the kids want." According to T.B., the children's desire for change "has to do with being more stable, knowing where their stuff is, knowing what is going on and what they want."

Appellant testified that except for having different expectations for children of different ages, he did not treat the children differently, and the only things that had to be transferred back and forth from T.B.'s house to his were everyday items the children needed for school. Appellant testified, "none of this [matters] in deciding best interest. I mean, these are all matters to be resolved privately. . . . I don't need the State to come in and make decisions where there [are] no allegations of harm." Appellant also testified that he is earning the same amount of money that he was making when the trial court signed temporary orders.

On December 15, 2017, the trial judge signed a modification order, in which it concluded that the material allegations in T.B.'s petition to modify are true and the requested modification is in the children's best interest. The order provided that

5

appellant would have possession of the children every other weekend and every Wednesday evening during the school term, and holiday visitation would follow the terms of the standard possession order. The order also required appellant to pay child support in the amount of $1500 per month and provided that appellant's employer withhold the child support from appellant's earnings.

In issues one, two, three, four, and five, appellant challenges the trial court's authority to enter a judgment that altered the terms of the parties' mediated settlement agreement. We review a modification order for an abuse of discretion. *Smith v. Karanja*, 546 S.W.3d 734, 737 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or made without reference to guiding rules or principles. *Id*. Under an abuse of discretion standard, we may not interfere with the trial court's decision "so long as some evidence of a substantive and probative character supports it and the ruling comports with the law." *In the Interest of C.M.G.*, 339 S.W.3d 317, 319 (Tex. App.—Amarillo 2011, no pet.).

An agreed final order in a custody proceeding is contractual, final, and "res judicata of the best interests of a minor child as to conditions then existing." *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex. 1969). In the absence of materially changed conditions, re-litigation is discouraged. *Id*. Therefore, in modification suits, "the

threshold inquiry is whether the moving party has met the burden of demonstrating a material and substantial change." *In the Interest of T.M.P.*, 417 S.W.3d 557, 563 (Tex. App.—El Paso 2013, no pet.). Section 156.101 of the Texas Family Code provides that the trial court may modify an order that provides for conservatorship, possession, or access to a child if the modification would be in the best interest of the child and the circumstances of the child, a conservator, or other affected party have materially and substantially changed since the earlier of (1) the date of rendition of the order or (2) the date of the signing of a mediated settlement agreement on which the order is based. Tex. Fam. Code Ann. § 156.101(a) (West 2014).

At the hearing, the trial court heard T.B. testify that the children, all of whom are now teenagers, did not want to have to move their possessions back and forth between their parents' homes as often, and that the children had more privacy and space at her home. According to T.B., the children wanted to have more stability, and there are issues in the children's relationship with appellant, as well as their relationship with their stepmother. The trial court also admitted into evidence letters from each of the children, in which they expressed their desire to live with T.B. In addition, the trial court had before it information that the children were teenagers, and the trial court could reasonably have concluded from that evidence that circumstances had materially and substantially changed, such that the 2009

7

agreement, as set forth in the decree, which permitted appellant to pay "daycare" costs in lieu of child support, was no longer in the children's best interest. *See id.*; *In the Interest of C.M.G.*, 339 S.W.3d at 319. The trial court could have reasonably concluded from the evidence that the circumstances of the children had materially and substantially changed because their relationship with appellant and their stepmother was more challenging, and the children expressed the desire for more stability and privacy. *See* Tex. Fam. Code Ann. § 156.101(a); *In the Interest of C.M.G.*, 339 S.W.3d at 319. Accordingly, we overrule issues one, two, three, four, and five.

ISSUE SIX

In his sixth issue, appellant argues that the trial court violated his "14th amendment right, as a fit parent, to raise his children as he sees fit." The record reflects that appellant did not preserve this issue for appellate review by first presenting it to the trial court. *See* Tex. R. App. P. 33.1(a). In addition, even if appellant had properly preserved issue six, appellant cites as authority *Troxel v. Granville*, 530 U.S. 57 (2000), in which the U.S. Supreme Court held, among other things, that the liberty protected by the Due Process clause includes parents' right to establish a home, raise, and educate their children. *Troxel*, 530 U.S. at 65. However, appellant's argument overlooks the fact that *Troxel* did not hold that a modification

8

proceeding, in which parental rights and responsibilities are adjudicated between parents, violated a parent's liberty interests. Rather, *Troxel* involved grandparents who petitioned for visitation pursuant to a Washington statute that permitted the trial court to order visitation rights for any person when visitation was in the child's best interest, and the *Troxel* court concluded that the statute violated the mother's substantive due process rights. *Id.* at 60, 68, 72-73. For all these reasons, we overrule issue six.

## ISSUES SEVEN AND EIGHT

In issues seven and eight, appellant argues that the trial court violated his right to due process and abused its discretion by not providing him with notice or service before entering a writ of restraint against him. Appellant's argument apparently refers to the writ of temporary restraint the trial court signed before the final hearing on T.B.'s motion to modify, as well as the trial court's granting of T.B.'s motion to dismiss appellant's motion to enforce the mediated settlement agreement, without granting a hearing or providing appellant with time to respond.

Appellant failed to cite any authority supporting his contention that the trial court was required to conduct a hearing on T.B.'s motion to dismiss before granting it. *See* Tex. R. App. P. 38.1(i). With respect to appellant's argument regarding the trial court signing temporary orders without notice and a hearing, the trial court's

9

signing of a final order modifying the parent-child relationship disposed of all parties and issues in the proceeding, and complaints regarding temporary orders are moot when a final order has been entered. *In the Interest of K.L.R.*, 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.) (noting that complaints relating to temporary orders that have been superseded by a final order are moot). We overrule issues seven and eight and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 20, 2018
Opinion Delivered March 14, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.