Johnny JOPLIN, Appellant,

v.

Kathy BORUSHESKI, Appellee.

No. 05–06–01346–CV.

Court of Appeals of Texas,
Dallas.

Jan. 14, 2008.

Samuel J. Polak, Payne & Blanchard, L.L.P., Dallas, for Appellant.

Douglas Alan Barnes, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

Appellant filed this divorce action, contending he and appellee had entered into an informal, or common law, marriage. On appeal, appellant challenges the trial court's granting of appellee's motion for directed verdict and denial of appellant's motion for new trial, contending there was legally and factually sufficient evidence to support the existence of the marriage. We affirm.

### Background

Appellant and appellee began dating in the early 1980's. At the time, appellee was living in a residence she was renting at 5938 Lewis Street in Dallas County. Although the record is not clear as to the exact date of the transaction, at some point in 1983 appellee purchased the Lewis Street residence. Appellant moved into the house on Easter Sunday in 1983. Appellant testified he contributed money for the down payment on the house and gave money to appellee to make the payments on the house. Appellee admitted appellant gave her money to assist with bills, but denied he contributed to the mortgage payments.

In December 1998, appellee bought a second house on Glenrose Court. Appellant testified he contributed to the down payment on the home. Appellee testified she purchased the home because appellant had become abusive. Appellant testified he and appellee moved into the Glenrose Court home in late 1999. Appellant changed the address on his driver's license to Glenrose Court and received mail at that location. However, appellee testified appellant changed the address on his driver's license without her knowledge.

In March 2003, appellee moved to Madison, Wisconsin for her employment. Appellant assisted her in the move. Appellee subsequently moved to California. After March 2003, appellant lived in the Lewis Street house. Appellant testified, however, that the relationship did not end until December 2004. Appellant filed for divorce on August 24, 2005.

Appellee sought a declaratory judgment that she had never been married to appellant. The trial court bifurcated the proceedings and proceeded with a bench trial on the issues of whether there was a marriage relationship and, if so, when the marriage began. After appellant's case in chief, appellee moved for a directed verdict on the ground the divorce action was filed more than two years after the parties separated and ceased living together. *See* TEX. FAM.CODE ANN. § 2.401(b) (Vernon 2006). The trial court granted the motion.

Appellant timely filed a motion for new trial, arguing there was sufficient evidence on each element of a common law marriage and, accordingly, the trial court erred in granting appellee's motion. The trial court denied the motion for new trial. On appeal, appellant argues the evidence was legally and factually sufficient to raise a fact issue on the existence of a common

law marriage, making the directed verdict inappropriate. Further, because the trial court erred in granting the directed verdict, it also erred in refusing to grant a new trial.

## Standard of Review

Rather than a motion for directed verdict, the proper motion to make after the plaintiff rests in a bench trial is a motion for judgment. *Matheus v. Sasser,* 164 S.W.3d 453, 457 (Tex.App.-Fort Worth 2005, no pet.). The distinction is important because we review a judgment pursuant to a motion for judgment differently than a directed or instructed verdict. *Qantel Bus. Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 303–04 (Tex.1988); *Matheus,* 164 S.W.3d at 457. Because the motion was brought after the plaintiff rested in a bench trial, we will construe appellee's motion for directed verdict as a motion for judgment. *Fondren Constr. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.,* 196 S.W.3d 210, 216 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

The trial court, as the fact finder in a bench trial, may rule on the factual and legal issues at the close of the plaintiff's case in chief. *Qantel,* 761 S.W.2d at 304; *Huang v. Don McGill Toyota, Inc.,* 209 S.W.3d 674, 677 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (op. on reh'g). By entering judgment at the close of the plaintiff's case in chief, the trial court is presumed to have ruled on both the sufficiency of the evidence and on the weight of the evidence and credibility of the witnesses. *Qantel,* 761 S.W.2d at 304–05; *Huang,* 209 S.W.3d at 677. On appeal from the trial court's judgment in a bench trial, the legal and factual sufficiency of the evidence to support the judgment may be challenged as in any other case. *Huang,* 209 S.W.3d at 677 (citing *Roberts Express, Inc. v. Expert Transp., Inc.,* 842 S.W.2d 766, 769–70 (Tex.App.-Dallas 1992, no writ)).

When we review legal sufficiency, we review the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary. *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex.2001). We must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). When reviewing a finding for factual sufficiency, we consider all of the evidence and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

We review a trial court's ruling on a motion for new trial for abuse of discretion. *Hutton v. AER Mfg. II, Inc.,* 224 S.W.3d 459, 462 (Tex.App.-Dallas 2007, pet. denied). The trial court abuses its discretion when it fails to correctly analyze or apply the law. *In re E.I. DuPont de Nemours & Co.,* 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding). The test is whether the trial court acted arbitrarily or without reference to any guiding principles. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex.2004).

## Applicable Law

In Texas, a common law marriage requires proof (1) a man and a woman agreed to be married; and after the agreement, they (2) lived together in Texas as husband and wife and (3) there represented to others they were married. TEX. FAM.CODE ANN. § 2.401(a)(2) (Vernon 2006); *Lewis v. Anderson,* 173 S.W.3d 556, 559 (Tex.App.-Dallas 2005, pet. denied). Appellant, as the proponent of the mar-

riage, had the burden of proof on all elements. *Lewis*, 173 S.W.3d at 559; *Jenkins v. Jenkins*, 16 S.W.3d 473, 480 (Tex. App.-El Paso 2000, no pet.). The existence of a common law marriage is a question of fact to be resolved by the fact finder. *Jenkins*, 16 S.W.3d at 480.

 If the proponent of the marriage does not commence a proceeding to prove the marriage under section 2.401(a)(2) of the family code within two years of the date on which the parties to the alleged marriage separated and ceased living together, then there is a rebuttable presumption the parties did not enter into an agreement to be married. TEX. FAM.CODE ANN. § 2.401(b); *Amaye v. Oravetz*, 57 S.W.3d 581, 584 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). A presumption is a rule of law requiring the fact finder to reach a particular conclusion in the absence of evidence to the contrary. *Temple I.S.D. v. English*, 896 S.W.2d 167, 169 (Tex.1995); *Amaye*, 57 S.W.3d at 584. The effect of a presumption is to force the party against whom it operates to produce evidence to negate the presumption. *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex.1993); *Amaye*, 57 S.W.3d at 584.

## Analysis

 Both appellant and appellee testified appellee moved to Madison, Wisconsin in March 2003 while appellant stayed in Dallas. Appellant lived in the Lewis Street house after appellee left Dallas. Although appellant testified the relationship did not end until December 2004, the trial court was the sole judge of the credibility of the testimony and could reasonably determine the parties separated and ceased living together in March 2003. Appellant did not file for divorce until August 24, 2005, more than two years after the parties separated and ceased living together. Accordingly, there was a rebuttable presumption appellant and appellee did not agree to be married.

 In an attempt to rebut the presumption, appellant testified the parties agreed to be married in 1983 when appellee was diagnosed with a tumor on her pituitary gland. Appellant stated:

> When [appellee] had a brain tumor, she was worried, had serious fights with her sister-in-law, her brother, She felt alone and she promised me [sic] that I would be there for her. She asked me to be there for the last piece of dirt, to make sure she had lilies put on her grave and I promised her that. I told her that was a tough thing to do because I was raised by my grandmother and I knew that my mom was going to die and here I'm having to look at her also and face that possibility.

Appellant's counsel then asked if appellant agreed to be married to appellee "at that point." Appellant responded "Yes, I did. I promised her I would be there." However, on cross-examination regarding whether appellee actually was diagnosed with the tumor in 1989, appellant testified "I think we were married long before then. I think that solidified the marriage." Further, under questioning regarding his previous claims the parties were married in 1984, rather than 1983, appellant testified "I don't recollect the exact date. I know how long we've lived together."

The trial court was the sole judge of the credibility of the evidence and, based on appellant's testimony, could reasonably conclude appellant was simply claiming a marriage during the entire period the parties lived together without a specific agreement to be married. The trial court could also reasonably conclude appellant's promise to stay with appellee through her illness was not an agreement to be married. Therefore, appellant failed to produce sufficient evidence of an agreement to be

married to rebut the statutory presumption, and the trial court did not err in granting the motion for judgment or in denying appellant's motion for new trial.

Accordingly, we overrule appellant's two issues and affirm the trial court's judgment.