**Denied and Opinion Filed September 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01034-CV

### IN RE STEVE PAUL LAFREDO, Relator

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-16693**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Lang

The underlying proceeding is a divorce proceeding involving a same sex couple. Relator Steve Paul LaFredo contends the divorce proceeding should be dismissed because he and real party in interest Gustavo Noel Hinojosa were never legally married and were not informally married under Texas law. Relator twice moved for dismissal of the proceedings on the grounds that no legal marriage existed between him and Hinojosa because their relationship ended in separation before the U.S. Supreme Court legalized same sex marriage in *Ogerefell v. Hodges*, 135 S.Ct. 2584, 576 U.S. __ (2015) and *Ogerefell* should not be applied retroactively with respect to informal marriages. The trial court denied both motions to dismiss. In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate the denial of relator's motion to dismiss and to grant the motion to dismiss and dismiss Hinojosa's claims.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*,

148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. First, relator has not shown an abuse of discretion. The legal question of whether *Obergefell* is retroactive has not been determined by the Supreme Court of Texas or by the U.S. Supreme Court. The trial court, therefore, did not fail to correctly analyze or apply the law or reach an arbitrary and unreasonable decision when it determined that relator had not established as a matter of law that no legal marriage existed between him and Hinojosa, either formal or informal. Moreover, the existence of an informal or common law marriage is a question of fact to be resolved by the fact finder. *Joplin v. Borusheski*, 244 S.W.3d 607, 610–11 (Tex. App.—Dallas 2008, no pet.); *Small v. McMaster*, 352 S.W.3d 280, 282–83 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The facts are disputed surrounding the parties' intentions, agreements, and representations concerning their marital status. The trial court, therefore, did not abuse its discretion by denying the motion to dismiss and permitting the case to proceed to trial. Further, relator has an adequate appellate remedy. *See In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding) (challenge to the trial court's jurisdiction is generally considered an incidental ruling for which appeal is an adequate remedy); *see also In re Lee*, 995 S.W.2d 774, 777 (Tex. App.—San Antonio 1999, orig. proceeding) (denial of summary judgment is incidental ruling not subject to mandamus review).

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

181034F.P05