**AFFIRM; Opinion Filed March 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01406-CV

**GU KWANG LEE, Appellant**
**V.**
**GREG PAIK AND MOON CHEOL PAIK, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01030-E**

# MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Gu Kwang Lee appeals the declaratory judgment in appellees' favor. We affirm.

## BACKGROUND

Hope Presbyterian Church of Dallas is organized as a non-profit corporation pursuant to Chapter 22 of the Texas Business Organizations Code and is governed by its articles of incorporation. The articles of incorporation provided for an initial board of three trustees: (1) Reverend John Kim, (2) Moon Cheol Paek, and (3) Don Chae.[1] Appellee Moon Cheol Paik has

---

[1] The parties in this case use the terms "trustees" and "directors" interchangeably.

been a trustee of Hope Church since its formation in 1993. Appellee Greg Paik and John Park[2] became trustees of Hope Church in 2007.

In 2002, Lee was hired as a part-time and temporary pastor for Hope Church. On March 29, 2009, Lee and others purportedly conducted an election in which they declared Lee to be president of Hope Church and removed Moon Paik and Greg Paik from the Board (March 2009 meeting). On April 22, 2009, Moon Paik and Greg Paik sent Lee a letter terminating him as an employee of Hope Church. On February 20, 2013, Moon Paik and Greg Paik filed a petition against Lee, John Park, and Joon Gil Park alleging claims for declaratory action, trespass to real property, and injunctive relief. By Rule 11 Agreement dated November 4, 2014, the parties in the case were reduced to Greg Paik and Moon Paik as the plaintiffs and Lee as the defendant. In addition, the Rule 11 agreement reduced the causes of action to one cause of action for declaratory relief aimed at determining: "(i) whether or not the elections of 2009 were valid, legal and effective; and (ii) the Church's effective by-laws and/or articles of incorporation on the 'control' issues presented, and (iii) who are the proper controlling parties of the Church, and/or other related issues in this regard."

A bench trial took place on August 7 and 8, 2017, and the trial court rendered a judgment in favor of Moon Paik and Greg Paik. The final judgment provided as follows:

> (a) All matters in controversy presented at trial and in the pleadings of this case may be resolved by looking to the laws of the State of Texas, including the laws within the Texas Business Organization Code;
>
> (b) Based on item "(a)" above, the Court need not (and did not) refer to any ecclesiastical law or theological doctrine in making its determination in this case;
>
> (c) Defendant Gu Kwang Lee ("Lee") is not, and has never been, a member of Hope Presbyterian Church of Dallas ("Hope") or its Board of

---

[2] The spelling of certain names is not consistent throughout the pleadings. John Park is referred to as John Pak, Jung Suh Park and Jung Seo Park ("John Park").

Trustees or Directors (the "Board"). Accordingly, Defendant Lee does not have, and has never had, standing to challenge the actions of Hope or its Board;

(d) The actions of Defendant Lee and those in attendance at the purported Hope meetings in 2009, in seeking to conduct an election to change the composition of Hope's Board and its Articles of Incorporation ("Articles"), were not authorized by Hope or its Board. Accordingly, Defendant Lee's actions were without merit or legal effect and are and were null and void;

(e) Plaintiffs Moon Cheol Paik and Greg Paik are members of Hope's Board and its congregation;

(f) Defendant Lee was terminated as pastor and as an employee of Hope in April 2009; and

(g) Defendant Lee does not have any lawful right of possession of any of Hope's real or personal property or to make decisions related thereto.

Lee then filed a notice of appeal in which he appealed sections (c), (d), (e), (f), and (g) of the final judgment.

## ANALYSIS

Lee argues that the trial court erred in making the findings listed in sections (c) through (g) of the final judgment because (1) there was no evidence to support these findings and (2) the findings were against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

### A.      Standard of Review

When, as in this case, neither party requests findings of fact and conclusions of law following a bench trial, we will imply all findings necessary to support the trial court's judgment. *See George Joseph Assets, LLC v. Chenevert,* 557 S.W.3d 755, 764 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). If the record contains the reporter's record, implied findings may be challenged on appeal for legal and factual sufficiency in the same manner as a challenge to jury findings or express findings of fact. *Id.*

–3–

In this case, the trial court did not issue separate findings of fact and conclusions of law but did include in its judgment express findings as noted in sections (c) through (g) as described above. Generally, a trial court should not include findings of fact in its judgment. *See* TEX. R. CIV. P. 299a. Because the record does not contain any additional findings of fact or conclusions of law, the findings in the judgment have probative value and will be treated as valid findings. *Chenevert*, 557 S.W.3d at 764. We must uphold the trial court's judgment on any theory of law applicable to the case if the evidence supports the trial court's findings. *Id.* at 765.

On appeal from the trial court's judgment in a bench trial, the legal sufficiency of the evidence to support the judgment may be challenged as in any other case. *See Joplin v. Borusheski*, 244 S.W.3d 607, 610 (Tex. App.—Dallas 2008, no pet.). When we review evidence for legal sufficiency (or no evidence) after a bench trial, we consider all of the evidence in the light most favorable to the trial court's judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821. The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* at 827.

In reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor and contrary to the challenged findings. *Chenevert*, 557 S.W.3d at 765. We may set aside the verdict for factually insufficient evidence only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The party asserting the evidence is factually insufficient must establish that the finding is against the great weight and preponderance of the evidence. *Id.* In assessing the evidence, we do not act as factfinder in that we may not pass on the credibility of the witnesses or substitute our judgment for that of the factfinder. *Id.*

**B.      Validity of 2009 Meetings**

In the first issue, Lee argues that the trial court erred in finding that the actions of Lee and those in attendance at the March 2009 meeting were not authorized by Hope Church or its Board. We disagree. Article six of the Hope Church's articles of incorporation provides that Hope Church shall have three initial trustees and it provides the names and addresses of the initial board of trustees. However, neither article six nor any other article addresses how replacement trustees are selected or elected. As Hope Church was formed pursuant to the Texas Non-Profit Corporation Act, we turn to the Texas Business Organization Code for guidance in this matter:

> Directors other than the initial directors are elected, appointed, or designated in the manner provided by the certificate of formation or bylaws. If the method of election, designation, or appointment is not provided by the certificate of formation or bylaws, directors other than the initial directors are elected by the board of directors.

*See* TEX. BUS. ORGS. § 22.206. In this case, there is no evidence that either Moon Paik or Greg Paik attended the March 2009 meeting. According to the meeting minutes from the March 2009 meeting and trial testimony, the attendees of the meeting included Lee, John Park, Sun Mi Shin and Gui Hee Lee, making John Park the only director present at the March 2009 meeting. Thus, because two of the three directors did not attend the March 2009 meeting, the "election" of the directors at the March 2009 meeting was neither authorized nor valid since it failed to comply with section 22.206 of the Business Organizations Code.

The trial court found that the March 2009 meeting was invalid. Lee also argues this was contrary to article eight of Hope Church's articles of incorporation because it requires approval by 2/3 "of the votes at a membership meeting where are quorum is present" to "alter, amend, or

repeal" the Articles.[3]  We note, however, that article six of the articles of incorporation only addresses and defines the "initial trustees."  For this reason, article eight is not implicated.  There is no need to alter or amend article six because it only addresses the initial trustees.

For all the reasons described above, the evidence is legally and factually sufficient to support the trial court's finding that the "actions of Defendant Lee and those in attendance at the purported Hope meetings in 2009, in seeking to conduct an election to change the composition of Hope's Board and its Articles of Incorporation ("Articles"), were not authorized by Hope or its Board."  Accordingly, we overrule Lee's first issue.[4]

**CONCLUSION**

On the record of this case, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

171406F.P05

---

[3] Article eight provides as follows:

The power to alter, amend, or repeal these Articles of Incorporation shall be vested in the members of the corporation.  An affirmative vote by at least two-thirds (2/3) of the votes at a membership meeting where a quorum is present shall be required for the purpose of this Article.

[4] Because we have affirmed the first issue, we need not reach the remaining issues.  Lee conceded this both in his briefing and during oral argument.  *See* Appellant's Brief ("The trial court's judgment regarding issues 2, 3, 4 and 5 is premised on its finding regarding issue 1.  If the court had not found issue 1 in Appellees' favor, there would be no basis for its findings on issues 2, 3, 4 and 5.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GU KWANG LEE, Appellant

No. 05-17-01406-CV     V.

GREG PAIK AND MOON CHEOL PAIK, Appellees

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-13-01030-E.
Opinion delivered by Justice Partida-Kipness.  Justices Bridges and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GREG PAIK AND MOON CHEOL PAIK recover their costs of this appeal from appellant GU KWANG LEE.

Judgment entered this 5th day of March 2019.