**REVERSE AND REMAND and Opinion Filed February 3, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01030-CV

## IN THE INTEREST OF K.S.F. AND K.D.F., CHILDREN

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-55984-2013**

## OPINION

Before Justices Partida-Kipness, Nowell, and Wright[1]
Opinion by Justice Wright

In this suit affecting the parent–child relationship, Father challenges the trial court's order denying his second request for modification of prior orders affecting his possession and access to his sons, K.S.F. and K.D.F.  In a single issue, Father urges this Court to reverse the trial court's order and remand the case for further proceedings.  For the reasons set forth herein, we reverse the trial court's order and remand.

---

[1] The Hon. Carolyn Wright, Justice, Assigned.

## BACKGROUND

By an agreed final decree of divorce, Mother and Father's marriage was dissolved on November 6, 2015. At that time, K.S.F. and K.D.F. were five and three years old, respectively. They were enrolled in a daycare located on Plano Parkway in the City of Plano. Initially, Father had an expanded standard possession schedule. Thereafter, in 2018, Father sought and obtained a modification of the parent–child relationship. As a result, Mother and Father now share a week-on/week-off possession schedule.

Pursuant to the November 6, 2015 agreed final divorce decree and the 2018 modification order, Mother has the exclusive right to designate the children's primary residence within a 25-mile radius of the daycare they attended at the time. Decisions concerning the children's education are to be made jointly by Mother and Father.

For five years following the divorce, Mother and Father lived in close proximity to each other in Plano. The children, both of whom have learning challenges, attended an elementary school in the Plano Independent School District.

In 2021, Mother remarried, and she and the children moved to her new husband's home in the Lewisville area.[2] The new home is located within the existing orders' 25-mile allowance. Thereafter, without Father's consent, Mother withdrew

___

[2] Mother's new husband does not have any children of his own.

the children from the Plano elementary school they had attended since kindergarten and enrolled them in the Lewisville Independent School District. At that time, the children were about to turn nine and eleven years of age.

On June 22, 2021, Father filed a First Amended Petition to Modify Parent–Child Relationship alleging there had been a material and substantial change in circumstances and that his requested modification was in the best interest of the children. The modification Father sought was either to be named the conservator with the exclusive right to designate the children's primary residence or to have the children re-enrolled in their Plano elementary school.

The trial court conducted a bench trial on Father's modification petition on October 28, 2021, at which the trial court took judicial notice of its memorandum ruling on Father's prior modification petition. It gave Mother the exclusive right to designate the children's residence within a 25-mile radius, and both parents were given the right to make decisions concerning the children's education. During the trial, Father testified that, while he knew Mother could move and designate the children's primary residence within a 25-mile radius, he never anticipated that she could or would change their school without his agreement. Father also testified about how Mother's move has greatly increased the amount of time he and the children spend in the car during his periods of possession, and how it creates issues with respect to the children's participation in extracurricular activities. In addition, Father testified about the impact the travel time has had on the children's completing

–3–

their homework and the lack of sleep they get. He stated they have to wake up at 5:45 a.m. and often do not get home until after 9 p.m. Father expressed his belief that the children's former school outperforms their current school and introduced evidence the Plano school has an A rating, while the Lewisville school has a B rating. Father called Mother to testify during his case-in-chief and then rested.

When Father rested, Mother moved for judgment arguing that no material and substantial change in circumstances had occurred because the parties anticipated the possibility of Mother's move when they entered the agreed decree of divorce allowing her to designate the primary residence within a 25-mile radius. After hearing argument of counsel, the trial court granted Mother's motion for judgment.

Thereafter, on November 9, 2021, the trial court entered a final order on Father's petition to modify. The order states, in part, Mother's "Motion for Directed Verdict is GRANTED"[3] and Father's "First Amended Petition to Modify Suit Affecting Parent Child Relationship is denied."[4] This appeal followed.

---

[3] While the order states Mother's "Motion for Directed Verdict" is granted, the proper motion when a plaintiff rests in a bench trial is a "Motion for Judgment." *Joplin v. Borusheski*, 244 S.W.3d 607, 610 (Tex. App.—Dallas 2008, no pet.). Mother referred to her motion as one for judgment when Father rested.

[4] On November 22, 2021, Father requested findings of facts and conclusions of law. The trial court did not issue same, and Father did not file a notice of past due findings of fact and conclusions of law. Thus, Father waived any complaint on appeal that the trial court failed to file findings in this case. *See Ad Villarai, LLC v. Chan II Pak*, 519 S.W.3d 132, 137 (Tex. 2017).

## DISCUSSION

### I.  Standard of Review

Because a trial court enjoys wide latitude in determining the best interests of a minor child, we review a trial court's decision on a motion to modify under an abuse of discretion standard.  *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding principles.  *In re B.M.*, 228 S.W.3d 462, 464 (Tex. App.—Dallas 2007, no pet.).  Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error, but they are relevant factors in assessing whether an abuse of discretion has occurred.  *Seidel v. Seidel*, 10 S.W.3d 365, 368 (Tex. App.—Dallas 1999, no pet.).  In determining whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and, if so, whether it erred in the exercise of that discretion.  *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.).  A clear failure by the trial court to analyze or apply the law to the facts correctly is an abuse of discretion.  *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).  When, as here, the trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment.  *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re B.N.B.*, 246 S.W.3d 403, 406 (Tex. App.—Dallas 2008, no pet.).

–5–

## II. Modification of Conservatorship, Support, or Possession of Children

Under section 156.101 of the family code, a trial court may modify conservatorship, support, or possession of and access to a child if doing so is in the best interest of the child and the circumstances of the child, a conservator, or another party affected by the existing order have materially and substantially changed since the rendition of the existing order. TEX. FAM. CODE ANN. § 156.101(a)(1)(A). There are no rigid or definitive guidelines governing the determination of whether a material and substantial change of circumstances has occurred. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Some examples of material changes include (1) remarriage by a party, (2) poisoning of the child's mind by a party, (3) change in the home surroundings, (4) mistreatment of the child by a parent or stepparent, and (5) a parent's becoming an improper person to exercise custody. *Id.* at 428–29. To prove that the necessary change has occurred, the petitioner must demonstrate what conditions existed at the time the prior order was rendered and what material conditions have changed in the intervening period. *Agraz v. Carsley*, 143 S.W.3d 547, 554 (Tex. App.—Dallas 2004, no pet.). If the circumstance was sufficiently contemplated at the time of an original agreement, its eventuality is not a changed circumstance, but instead an anticipated circumstance that cannot be evidence of a material and substantial change in circumstances. *Smith v. Karanja*, 546 S.W.3d 734, 740 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Kelly v. Tex. Dep't of Family & Protective Servs.*, No. 03-11-

00670-CV, 2012 WL 5476840, at *5 (Tex. App.—Austin Nov. 9, 2012, no pet.) (mem. op.).

On appeal, Father contends that the trial court abused its discretion in granting Mother's motion for judgment and in denying his request for modification. He asserts there are two events that constitute material and substantial changes in circumstances: namely, Mother's move to the Lewisville area, and Mother's unilateral decision to change the school in which the children are enrolled.

At the trial on Father's amended modification petition, Father acknowledged that Mother had the right to move. However, he contended that his complaint is that Mother did not have the right to change schools and, in so doing, she caused the occurrence of a material change in circumstances that adversely affects the children. Father also conceded that, aside from the educational decision, "The other things were contemplated." Thus, we will not independently address whether Mother's move to the Lewisville area itself could constitute a material and substantial change in circumstances. Instead, the crux of the matter presented here is whether Mother had the right to unilaterally decide which school the children would attend given the existing modification order requiring the consent of both parents with respect to education decisions. The specific orders in place, when the trial court considered Father's amended modification petition, gave Mother the exclusive right to designate the primary residence of the children within a 25-mile radius and required the consent of both parents with respect to education decisions. If she had the

exclusive right to make education decisions, there could be no substantial and material change in circumstances following the entry of the existing orders. If she did not have the exclusive right to make education decisions, her unilateral act of removing the children from their current school and enrolling them in a different school without Father's agreement may be a violation of the existing order. However, the issue is whether such an act can also support a finding of a material and substantial change in circumstances and warrant an inquiry as to the best interest of the children?

Before we resolve that issue, we address Mother's assertion that Father has waived appellate review of his complaint. She contends Father failed to address the sufficiency of the evidence to support the trial court's presumed finding that modification would not be in the best interest of the children. Mother asserts this is an independent basis upon which the trial court could have ruled against Father.

We note that the Texas Supreme Court favors appellate courts reaching the merits of an appeal whenever reasonably possible. *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012). Texas Rule of Appellate Procedure 38.1(f) provides that an issues statement "will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(f). On appeal, Father asserts that the trial court abused its discretion by granting Mother's motion for judgment. To the extent the trial court's judgment could have been grounded on a finding against Father on the best interest statutory element required for modification, we

–8–

conclude his asserted issue is sufficiently broad to encompass same. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 261–62 (Tex. 2022) (courts are to interpret rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to affect the purpose of a rule). Thus, we decline to resolve this appeal on the basis of waiver and will proceed to resolve the issue presented on the merits.

In a conservatorship modification action, a threshold inquiry of the trial court is whether the moving party has met the burden imposed upon him of showing a material and substantial change in circumstances; otherwise, the trial court must deny the motion to modify. *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied). And a material and substantial change in circumstances must be proved *before* inquiry is made into the best interest of the child. *Child v. Leverton*, 210 S.W.3d 694, 698 (Tex. App.—Eastland 2006, no pet.).

We recognize the general rule that we are not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984). But we may look to the entire record to determine whether the trial court abused its discretion in impliedly finding there had been no material and substantial change in circumstances and making a determination on the best interest of the children. *See In re A.D.T.*, 588 S.W.3d 312, 316–17 (Tex. App.—Amarillo 2019, no pet.).

The record establishes Father asserted Mother did not have the right to change the children's school without his agreement and in doing so she caused there to be a material and substantial change in circumstances. The trial court took judicial notice of its memorandum ruling on Father's prior modification request in which it ruled that decisions concerning the children's education are to be made jointly by Mother and Father. The undisputed evidence established the children were enrolled in the Plano elementary school when the existing order was rendered, Mother did not seek Father's consent to move the children from the Plano Independent School District to the Lewisville Independent School District, and Father is against the move. When Father rested his case, Mother's attorney moved for judgment on her behalf. In doing so, Mother's attorney stated:

> It is my position, Your Honor, that anything [Father] talked about and complained about was obviously reasonably anticipated because guess what? She had the right to move 25 miles as the crow flies from that address. As a result thereof, she would be able to change schools, et cetera, as the [*Doncer v. Dickerson*, 81 S.W.3d 349 (Tex. App.—El Paso 2002, no pet.)] case points out. It seems to be the controlling case . . . . It is our position that she had the right to enroll in these schools because she has the right to establish the primary residence. [Father] gave her that right. [Mother] took the right. And as a result thereof, she gets to enroll them in a new school.

Thus, Mother's asserted basis for judgment in her favor rested solely on the legal effect of the earlier orders and undisputed evidence with respect to same. And the trial court confirmed this basis for Mother's motion prior to ruling on same:

> The Court: . . . [S]o let me circle back to what's before the Court at this time. You asked for a directed verdict that there has been no material and substantial change in circumstances since 2018 and that the move

–10–

was contemplated in the 2015 agreed decree and the 2018 modification order. And if the Court were to grant a modification based on mother exercising the rights that were awarded to her, that would be an abuse of discretion. Am I understanding what you're asking?

[Mother's counsel]: Yes, Your Honor.

It is apparent from the record as a whole, the issue presented to the trial court was whether there had been a material and substantial change in circumstance as a result of Mother's decision to enroll the children in a school within the Lewisville Independent School District following her move to the Lewisville area. Because the evidence concerning this issue was undisputed, resolution of this issue required a determination of the legal effect of the decree and the 2018 modification order. Accordingly, we review the trial court's determination concerning the effect of those earlier orders under a *de novo* standard of review. *Matheus v. Sasser*, 164 S.W.3d 453, 457–58 (Tex. App.—Fort Worth 2005, no pet.). And, as stated *supra*, a clear failure by the trial court to analyze or apply the law to the facts correctly is an abuse of discretion. *Iliff*, 339 S.W.3d at 78.

We recognize that at the time the trial court ruled on Father's modification petition, it did not have any guidance from this Court on the precise issue presented here. Instead, the trial court was faced with potentially conflicting views regarding whether the exclusive right to designate the primary residence of the child may import an exclusive right to determine which public school the child will attend. *See In re Cole*, No. 03-14-00458-CV, 2014 WL 3893055 (Tex. App.—Austin Aug. 8,

2014, no pet.) (mem. op.); *Doncer v. Dickerson*, 81 S.W.3d 349 (Tex. App.—El Paso 2002, no pet).

In *Doncer*, the El Paso Court of Appeals observed that one reason for the Family Code's recognition that a child has a "primary residence" is because "one parent must have the ability to determine residency for purposes of public school enrollment if the parents reside in different districts." *Doncer*, 81 S.W.3d at 361. Mother and the trial court interpreted *Doncer* to provide that, when the parents live in different school districts, the parent who is given the right to determine the primary residence of the child controls the decision on where the child will be enrolled in public school.[5]

In *Cole*, as here, an order vested mother with the exclusive right to designate the child's primary residence but made education decisions subject to the agreement of both parents. *In re Cole*, 2014 WL 3893055, at *1. In that case, the Austin Court of Appeals concluded the ability to determine residency for purposes of public school enrollment does not equate to the power to decide which public school a child shall attend. *Id.* at *3. The court recognized that these are *separate rights* and concluded the ability to designate the child's residence does not necessarily give that

---

[5] Prior to announcing its ruling on Father's modification petition, the trial court stated:

> Based on my understanding of the law with regard to primary residence and educational decisions. I am gonna find that the primary residence - - that the parent with the exclusive right to designate the primary residence of the children has the right to enroll the children in the public school based on their primary residence, and nothing in these particular orders allocates that right any differently.

–12–

parent the exclusive right to choose the public school the child will attend. *See id.*; *see also In re C.E.H.*, No. 09-19-00120-CV, 2020 WL 5666081, at *8 (Tex. App.—Beaumont Sept. 24, 2020, no pet.) (mem. op.) (citing *In re Cole*, 2014 WL 3893055, at *3 for proposition that the right to designate the child's primary residence and to determine which public school the child may attend are different rights and do not necessarily lead to the assumption that the conservator granted the exclusive right to designate the primary residence should in turn have the exclusive right to enroll the child in school); *London v. London*, 94 S.W.3d 139, 150 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (trial court can grant one parent exclusive right to designate children's primary residence yet award other parent exclusive right to make education decisions).

We note that in enacting section 151.001 of the family code, the legislature specially and expressly recognized various substantive rights and duties of parents. FAM. § 151.001. Among those identified rights are the right to designate the residence of the child and the right to make decisions concerning the child's education. *Id.* § 151.001(a)(1), (10). In setting forth these rights under separate and distinct subsections of section 151.001, the legislature determined that decisions concerning residency and education are separate rights. Had the legislature intended to vest the parent with the right to designate the primary residence of the child the additional right to make education decisions to the exclusion of the other parent, it would have done so, but it did not.

–13–

Based upon the legislature's recognition that the right to designate a primary residence and the right to make decisions concerning the child's education are separate rights, we adopt the reasoning of the Austin Court of Appeals in *Cole* and hold that the person with the exclusive right to determine the primary residence is not necessarily given the exclusive right to choose the public school the child will attend. *Cole*, 2014 WL 3893055, at *3. Here, these distinct rights have been allocated differently in the decree and the 2018 modification order. While Mother has the exclusive right to designate the children's residence within a 25-mile radius, Mother and Father share the right to make decisions concerning the children's education and must concur in the exercise of that right, as any decision regarding the children's education is "subject to the agreement of the other parent conservator." Allowing Mother's right to designate the children's primary residence to override Father's right to make decisions concerning the children's education would essentially strip him of a substantive right he was previously granted. Moreover, the parties' conflict as to educational matters since the existing orders were entered and inability to agree is a material and substantial change in circumstances. *See In re C.C.J.*, 244 S.W.3d 911, 924 (Tex. App.—Dallas 2008, no pet.).

We conclude that Mother's unilateral decision to change the children's school, in contravention of the decree and the 2018 modification order's express provision regarding Father's rights with respect to the children's education, may violate the existing orders and constitute a material and substantial change in circumstances.

–14–

Because the record and the applicable law do not support the trial court's implied legal conclusion as to the effect of the existing orders, we conclude the trial court abused its discretion in concluding there had been no material and substantial change in circumstances.

To the extent the trial court may have concluded there had been a material and substantial change in circumstances and yet granted Mother's motion for judgment because it concluded a modification was not in the best interest of the children,[6] we note that Father presented evidence concerning the hardships the change in their school enrollment has presented for himself and the children.[7] During Father's case-in-chief, Mother's counsel did not cross examine Father, reserving questions until her case-in-chief, and did not herself present any evidence contradicting Father's statements since the court granted her motion for judgment. Given the unique circumstances presented here and given the paramount concern for the protection of the best interest of the child, we choose to exercise our broad discretion to remand this case in the interest of justice. TEX. R. APP. P. 43.3(b).

---

[6] In a bench trial, the trial court may grant a motion for judgment after the plaintiff has rested its case in chief on *both* factual and legal issues. *Qantel Bus. Sys., Inv. v. Custom Controls Co.*, 761 S.W.2d 302, 304 (Tex. 1988). While it may be apparent from the record that the motion was granted on a finding that there had been no material and substantial change in circumstances, a legal determination under the facts presented here, without findings of fact and conclusions of law, we can not presume the trial court did not reach the issue of the best interests of the children. *See Worford*, 801 S.W.2d at 109. Accordingly, we briefly address it here.

[7] Father presented evidence the children have learning challenges, prior to the move they had attended the same school since kindergarten, and they were moved from a higher rated school to a lower rated school.

## CONCLUSION

We conclude the trial court abused its discretion by impliedly finding there had been no material and substantial change in circumstances. To the extent the trial court might have reached the issue of the best interest of the children, we decline to speculate on the court's consideration of same and in the interest of justice, we exercise our broad discretion to remand. Accordingly, we sustain Father's issue, reverse the trial court's order denying Father's modification petition, and remand the case for further proceedings consistent with this opinion.

/Carolyn Wright/
CAROLYN WRIGHT
JUSTICE, ASSIGNED

211030F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.S.F. AND
K.D.F., CHILDREN

No. 05-21-01030-CV

On Appeal from the 470th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 470-55984-
2013.
Opinion delivered by Justice Wright.
Justices Partida-Kipness and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED,** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant recover his costs of this appeal from appellee.


Judgment entered this 3rd day of February 2023.

–17–