

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOANN ZUNIGA, | § | No. 08-22-00106-CV |
| Appellant, | § | Appeal from the |
| v. | § | 83rd Judicial District Court |
| AMISTAD MOTORS, | § | of Pecos County, Texas |
| Appellee. | § | (TC# P-8110-83-CV) |

## OPINION

JoAnn Zuniga appeals the trial court's entry of judgment in Amistad Motors' favor following a bench trial on her implied warranty claims. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Zuniga and her husband experienced car trouble while driving their truck from San Antonio to the Grand Canyon in April 2019. After noticing fluid leaking from the truck, the Zunigas stopped at Amistad Motors in Fort Stockton to address the issue. Amistad Motors diagnosed the problem as a leaking rear pinion seal, replaced the seal, and told the Zunigas the issue was fixed. The Zunigas resumed their trip the next day; however, between Fort Stockton and El Paso, the Zunigas again noticed fluid leaking from the truck. The Zunigas stopped at Mission Chevrolet in El Paso, where, according to Mission's invoice, its mechanics found "impact dents" such that the rear pinion needed to be replaced.

Zuniga sued Amistad for breach of an implied warranty of good and workmanlike repair under common law and the Texas Deceptive Trade Practices Act (DTPA), alleging Amistad "improperly performed repairs to the rear pinion seal" and seeking economic damages and attorney's fees. After the trial court denied Zuniga's motion for summary judgment, the case proceeded to a bench trial. Zuniga elicited no expert testimony, relying instead on invoices, photographs, and her and her husband's own testimony regarding the truck repairs.[1] After Zuniga rested, the trial court granted judgment for Amistad on its motion. The trial court later issued findings of fact and conclusions of law, which stated it granted judgment for Amistad because "there was no evidence raised to support a material issue in the suit" and concluded "no evidence was raised by [Zuniga] to support that, under the Texas DTPA, the conduct of Defendant Amistad Motors was a producing cause of the injury and resulting damages[.]"

Zuniga moved for a new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## ANALYSIS

### A. Standard of review

Zuniga contends the proper standard of review on appeal is the directed-verdict standard— *i.e.*, examining the evidence in the light most favorable to the party suffering an adverse judgment and reversing if more than a scintilla of evidence raises a fact issue on the challenged issue. *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233–34 (Tex. 2004). However, a motion for directed verdict applies to jury trials; when a party moves for a "directed verdict" in a bench trial, it is construed as a motion for judgment. *Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 n.4 (Tex. 1993) (Gonzalez, J., concurring) ("Technically,

---

[1] The Zunigas' testimony included several instances of inadmissible hearsay regarding what Mission told them about the damaged pinion, to which Amistad objected. Amistad agreed to admit the invoices without objection.

the use of the term 'directed verdict' in a bench trial is incorrect because there is no jury to direct. In this situation, the correct procedure is for the defendant, at the close of the plaintiff's evidence, to make a 'motion for judgment.'"). Thus, even though the trial court and both parties here referred to a "directed verdict" at the bench trial and in the orders that followed, we construe it instead as a motion for judgment.[2] *See id.* This distinction is important because we review a trial court's judgment on a motion for judgment differently than a directed verdict. *Joplin v. Borusheski*, 244 S.W.3d 607, 610 (Tex. App.—Dallas 2008, no pet.) (citing *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303–04) (Tex. 1988).

Findings of fact entered following a bench trial have the same force as that of a jury's verdict upon questions. *Eggemeyer v. Hughes*, 621 S.W.3d 883, 890 (Tex. App.—El Paso 2021, no pet.). Thus, when the trial court grants a motion for judgment in a bench trial, we review the judgment under the factual and legal sufficiency standard. *Sims v. Sims*, 623 S.W.3d 47, 64 (Tex. App.—El Paso 2021, pet. denied). Under a factual sufficiency challenge, we examine the entire record and consider the evidence in favor of, and contrary to, the challenged finding; however, we may set aside a finding only if that finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Fed. Corp., Inc. v. Truhlar*, 632 S.W.3d 697, 716 (Tex. App.—El Paso 2021, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). We will sustain a legal sufficiency challenge only if (1) the record reveals a complete absence of evidence of a vital fact; (2) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more

---

[2] We likewise liberally construe Zuniga's appeal as raising a legal sufficiency challenge to the trial court's conclusion that Amistad's conduct was not a producing cause of her damages. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants.").

than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We review the evidence in a light most favorable to the challenged finding, crediting any favorable evidence so long as a reasonable factfinder could do the same and disregarding any contrary evidence unless a reasonable factfinding could not. *Id.* at 821–22, 827.

## B. Producing cause

Zuniga challenges the trial court's conclusion that she raised no evidence to show Amistad's conduct was a producing cause of the alleged injury and damages. Specifically, she contends there was "at least some direct evidence of improper repair" by Amistad based on the Zunigas' testimony, the repair invoices, and photos, as well as "circumstantial (indirect) evidence" of the same given the timeline of events, which she urges collectively support her claims and request for damages.

An implied warranty to repair existing tangible goods in a "good and workmanlike manner" is available under the common law and to consumers suing under the DTPA. *Nghiem v. Sajib*, 567 S.W.3d 718, 722-23 (Tex. 2019). "[G]ood and workmanlike" is defined as the quality of work performed by someone with the knowledge, training, or experience necessary for the successful practice of a trade or occupation, as well as in a manner generally considered proficient by those capable of judging such work. *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987). The implied-warranty plaintiff must establish that the defendant's allegedly deficient work was "a producing cause" of the damages. TEX. BUS. & COM. CODE ANN. § 17.50(a).

Under the proper standard of review, Zuniga must show based on the evidence at trial, no reasonable factfinder could conclude Amistad's work was not a producing cause of her damages. *See City of Keller*, 168 S.W.3d at 810. This she cannot do. Though Zuniga claims Mission's repair invoice, photos of the damage, and trial testimony provide direct evidence of Amistad's improper

4

repair, none of this evidence compels the result she seeks because ample evidence at trial supports the trial court's finding. For example, Mission's service receipt states the truck's "yoke has impact dents," but it does not explain how it was dented. Similarly, the photos of the pinion seal do not support Zuniga's claim because they give no context as to how the seal was damaged. And though Zuniga alleges trial testimony provides additional evidence in her favor, Amistad objected to this testimony—which includes what Mission employees told the Zunigas about the pinion damage— as hearsay. The trial court, sitting as the factfinder in this bench trial, could not have relied on improperly admitted evidence so we presume it disregarded the same. *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 567 (Tex. App.—El Paso 2016, pet. denied). We also cannot consider this testimony; thus, it provides no support for Zuniga on appeal. *See id.*

Similarly, Zuniga argues the fact that her truck experienced the same problem shortly after Amistad claimed it was corrected provides circumstantial evidence of Amistad's deficient repair work.[3] While the trial court could have come to that conclusion, it did not have to. We respect the trial court as factfinder was the "sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Eggemeyer*, 621 S.W.3d at 890. We also presume the trial court resolved any conflicted evidence in Amistad's favor. *Id.* Because this circumstantial evidence at trial "would enable reasonable and fair-minded people to differ in their conclusions," we will not disturb the trial court's conclusion, which was well within its discretion. *City of Keller*, 168 S.W.3d at 822. Accordingly, under the proper standard of review, Zuniga's challenge fails.

The case Zuniga cites in her favor does not change that result. *See Gomez v. Moore*, No. 12-01-00261-CV, 2003 WL 21355973 (Tex. App.—Tyler June 11, 2003, no pet.) (mem. op.). In *Gomez*, the plaintiff lodged DTPA and breach of warranty claims after the defendant mechanic

---

[3] At trial, Zuniga contended her truck broke down 48 miles from Amistad's shop; however, the odometer readings on Amistad and Mission's invoices reflect a 248 mile distance between the two locations. Zuniga has corrected the figure in her appellate argument.

allegedly failed to properly repair her car. *Id.* at \*1. Following a bench trial, the trial court awarded the plaintiff damages and, like here, filed findings of fact and conclusions of law. *Id.* The appellate court noted the breakdown of the car's engine shortly after the mechanic completed his work supported the trial court's finding that he breached his implied warranty of good and workmanlike repairs, concluding the engine breakdown was circumstantial evidence that the mechanic's repair work was defective. *Id.* at \*6. In other words, the *Gomez* court dealt with the same standard of review—factual and legal sufficiency—but a different finding at the trial court level as in this case, in which the trial court determined the evidence did not support the conclusion that Amistad breached its implied warranty. Because that standard of review permits us to reverse a trial court's finding only if no more than a scintilla of evidence supports it, we come to the same conclusion as did the *Gomez* court and affirm the trial court's conclusion that Zuniga failed to show Amistad's actions were a producing cause of her alleged injuries. *See City of Keller*, 168 S.W.3d at 810.

## CONCLUSION

For the foregoing reasons, we conclude the evidence is factually and legally sufficient to support the trial court's entry of judgment for Amistad. Having overruled each of Zuniga's issues, we affirm the trial court's judgment.

YVONNE T. RODRIGUEZ, Chief Justice

May 26, 2023

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

6